# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**TIMOTHY DALE WHITTAKER,**                                                 **PLAINTIFF**

**V.**                                                 **NO. 1:05CV54-P-D**

**STATE OF MISSISSIPPI, ET AL,**                                             **DEFENDANTS**

## O P I N I O N

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, who is in the Alcorn County Jail on a parole violation, files this complaint pursuant to 42 U.S.C. § 1983. The defendants are the State of Mississippi; Paul Funderburk, a Circuit Court Judge in Alcorn County; Arch Bullard, an assistant district attorney in Alcorn County; Carl Hall, a field officer for the Mississippi Department of Corrections; and James Taylor, the sheriff of Alcorn County. Plaintiff seeks monetary damages and relief from confinement.

Plaintiff was released from physical custody of the Mississippi Department of Corrections on August 11, 2004, and began a period of earned release supervision. This period ended on January 5, 2005, at which time plaintiff was placed on a period of supervised release as a result of suspended sentences from three criminal convictions in Alcorn County. He was arrested in December 2004 for an alleged burglary of an automobile and was charged with violation of parole. He contends that he has not committed any criminal offense, that he should be released from jail, and that his period of probation should begin.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

The doctrine of absolute immunity is a threshold question to be resolved as early in the proceedings as possible. *See Seigert v. Gilley*, 111 S. Ct. 1789, 1793 (1991). Judicial officers are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993). The alleged magnitude of the acts is irrelevant. *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction. *Mireless v. Waco*, 112 S.Ct. 286, 288 (1991). A judge's acts are judicial in nature if they are "normally performed by a judge" and the parties affected "dealt with the judge in his judicial capacity." *Id*. at 288. Plaintiff does not complain of any actions taken by Judge Funderburk that were nonjudicial in nature. Therefore, his claim against this defendant should be dismissed with prejudice as frivolous.

Criminal prosecutors also enjoy absolute immunity for claims for damages asserted under § 1983 for actions taken in the presentation of the state's case. *Graves, supra*, at 318. "Acts undertaken by the prosecutor... which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Buckley v. Fitzsimmons*, 113 S. Ct. 2606, 2615 (1993). This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony. *Graves, supra,* at 318 n.9; *see also Brummett v. Gamble*, 946 F.2d 1178 (5th Cir. 1991), *cert. denied*, 112 S. Ct. 2323 (1992); *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (*en banc*). Plaintiff alleges no facts against Mr. Bullard that would destroy this absolute immunity, so the claims against this defendant should also be dismissed with prejudice.

Additionally, when a state prisoner brings a § 1983 action seeking damages, the trial court must ascertain whether a judgment in favor of the plaintiff in the § 1983 action would necessarily imply the invalidity of his conviction or sentence. *Heck v. Humphrey*, 114 S.Ct. 2364, 2372

(1994). If it would, the prisoner must show that his conviction has been " reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" in order to state a claim. *Id*. at 2373. If not, dismissal of the § 1983 action is appropriate.

Plaintiff's allegations clearly are covered by *Heck*. While a judgment in favor of the plaintiff would not "necessarily imply the invalidity of his conviction or sentence," since there has not yet been a conviction, such judgment clearly would result in plaintiff's release from incarceration. As in *Heck, id.*, before a cause of action arises under §1983 plaintiff must first show that the reason for his confinement has been "expunged, invalidated, or impugned by a writ of habeas corpus." Since plaintiff has not so demonstrated, his complaint is premature and is legally frivolous under 28 U.S.C. § 1915(d). Consequently, it should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994).

A final judgment in accordance with this opinion will be entered.

THIS the 19th day of April, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE